**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| JOHN DOE, Individually and On Behalf of All Others Similarly Situated, | Case No. 2:18-cv-00488 |
| Plaintiff, | CLASS ACTION COMPLAINT |
| v. | JURY TRIAL DEMANDED |
| CVS HEALTH CORPORATION, CVS PHARMACY, INC., CAREMARK PHC, L.L.C., and CAREMARK Rx, LLC, | |
| Defendants. | |

Plaintiff John Doe ("Plaintiff") brings this Class Action Complaint, on behalf of himself and the proposed classes defined herein, and alleges as follows:

**I.      INTRODUCTION**

1.      Medical privacy is among the most important tenets of American healthcare. Patients must be able to trust their physicians, insurers, and pharmacies to protect their medical information from the improper disclosure (including, but not limited to, their health conditions and courses of treatment). Indeed, numerous state and federal laws explicitly require this. And, these laws are especially important when protecting individuals with particular medical conditions such as HIV or AIDS that can and do subject them to regular discrimination.

2.      Despite these legal and ethical requirements, in approximately July and August 2017, CVS recklessly disclosed the protected health information of approximately 6,000 patients in Ohio taking HIV-related medications for treatment and prevention in a mass mailing (the "Notice") that carelessly and clearly revealed the contents of the letter such that anyone who picked it up could see the name and address of who it was sent to, a clear identifier that the letter was ultimately from the Ohio Department of Health, and the designation "PM 6402 HIV"—

clearly disclosing the recipient's HIV status. As a result of CVS's conduct, the HIV status of recipients was unlawfully disclosed to entities entrusted to process the mailing and anyone who came in contact with the letter, including patients' friends and families.

3. The Ohio HIV Drug Assistance Program ("OhDAP") has had a contract with CVS since March 2017 under which CVS provides OhDAP clients with HIV medications and is responsible for communications relating to those medications. In approximately late July or early August 2017, a letter containing membership cards, information about the CVS program and how to access their HIV medications was mailed to an estimated 6,000 participants in OhDAP.

4. Plaintiff John Doe[1] was a recipient of this mailing, revealing his HIV status to third-parties despite the fact that Plaintiff Doe has taken great pains to keep his HIV status private for many years. Accordingly, he brings suit as a putative class action for damages, injunctive, and declaratory relief.

## II. JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction of Plaintiff's Fair Credit Reporting Act and Declaratory Relief claims pursuant to 28 U.S.C. § 1331. This Court also has subject matter jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. This Court has personal jurisdiction over CVS because at all relevant times it has conducted substantial business

---

[1] Plaintiff is proceeding as "John Doe" so his medical information is not further compromised and to reduce the risk of housing, healthcare and employment discrimination traditionally experienced by those with or at high risk of contracting HIV and/or AIDS. *See e.g. Doe v. Megless*, 654 F.3d 404, 408-9 (3d Cir. 2011) (endorsing a noncomprehensive balancing test, which balances, "whether a litigant has a reasonable fear of severe harm that outweighs the public's interest in open litigation," and including AIDS as an example of an area where courts have permitted plaintiffs to proceed with pseudonyms); *see also Smith v. Milton Hershey Sch.*, No. CIV.A. 11-7391 (E.D. Pa. 2011) (allowing mother of HIV-positive minor child to proceed under pseudonym); *Doe v. Deer Mountain Day Camp, Inc.*, No. 07-cv- 5495 (S.D.N.Y. Jun. 22, 2007) (permitting minor and his parent alleging HIV discrimination against camp to proceed under pseudonym); *EW v. New York Blood Center*, 213 F.R.D. 108, 110 (E.D.N.Y. 2003) (holding that the prejudice of embarrassment and fear of stigmatization because plaintiff had a "sexually and blood-transmitted disease" like AIDS "is real."). If Plaintiff cannot proceed as "John Doe" then his identity will need to be sealed.

operations within this District and throughout the state of Ohio, and because the acts or omissions that gave rise to Plaintiff's claims occurred in Ohio.

6. Venue is proper in this District under 28 U.S.C. § 1391 because CVS does substantial business within this District and Plaintiff is a resident of this District.

## III. PARTIES

7. Plaintiff John Doe is a resident of Dayton, Ohio.

8. Defendant CVS Health Corporation is a Rhode Island corporation with its principal place of business and headquarters at One CVS Drive, Woonsocket, Rhode Island 02895.

9. Defendant CVS Pharmacy, Inc. is a Rhode Island corporation with its principal place of business and headquarters at One CVS Drive, Woonsocket, Rhode Island 02895.

10. Defendant Caremark PHC, L.L.C. is a Delaware limited liability company with its principal place of business and headquarters at One CVS Drive, Woonsocket, Rhode Island 02895.

11. Defendant Caremark Rx, LLC is a Delaware limited liability company with its principal place of business and headquarters at One CVS Drive, Woonsocket, Rhode Island 02895. On information and belief, Caremark Rx, LLC is a subsidiary of CVS Health Corporation.

12. Unless otherwise stated, all Defendants are collectively referred to herein as "CVS" or "Defendants." Plaintiff is informed and alleges that at all relevant times CVS shared common management, officers, owners, and directors, and that they carried out a joint scheme, business plan, or policy, and that acts or omissions of each are attributable to the other. Plaintiff is informed and alleges that at all relevant times CVS did business in the state of Ohio.

## IV. FACTUAL BACKGROUND

### A. CVS Collects Sensitive Personal And Medical Information

13. As a direct provider of medical and pharmacy services to customers all over the country, CVS collects and maintains possession, custody, and control of: (1) personally

identifiable information ("PII"), including, without limitation, patients' names, dates of birth, Social Security numbers, and addresses; and (2) protected health information ("PHI"), which contains PII in addition to patients' demographic information, medical histories, prescription, diagnostic, and treatment information, test and laboratory results, insurance information, and other data collected in the normal course of providing and obtaining payment for its services.

14.     CVS informs its consumers in "Notice of Privacy Practices" on its website[2] that "[w]e are required by law to protect the privacy of your PHI and provide you this notice explaining our legal duties and privacy practices."  It also states that "some types of sensitive PHI, such as HIV information . . . may be subject to additional confidentiality protections under state or federal law."

15.     CVS expressly promises consumers that, among other things, it will notify customer if there has been a breach by CVS of a customer's PHI.

**B.     CVS Is Required By Law To Prohibit Disclosure Of Medical Information**

16.     CVS is obligated by a number of state and federal laws to protect its patients' PII and PHI.  Under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), and its accompanying regulations, health care providers like CVS are required to maintain reasonable and appropriate administrative, technical, and physical safeguards for protecting PHI. Among other things, CVS is required by HIPAA to:

> ➢ Ensure the confidentiality, integrity, and availability of all PHI it creates, receives, maintains or transmits;
>
> ➢ Identify and protect against reasonably anticipated threats to the security or integrity of the information;
>
> ➢ Protect against reasonably anticipated, impermissible uses or disclosures; and
>
> ➢ Ensure compliance by its workforce.[3]

---

[2] https://www.cvs.com/content/patient-privacy, last accessed May 8, 2018.

[3] *See* http://www.hhs.gov/hipaa/for-professionals/security/laws-regulations/, last accessed May 8, 2018.

17.    HIPAA also requires health care providers like CVS to preserve the integrity of PII and PHI so that it is only available and accessible to authorized persons.  One other key component of HIPAA is that it requires health care providers to implement administrative safeguards, including ongoing risk management analyses to evaluate potential or likely risks to patients' PHI.  In order to prevent the unauthorized disclosure of PHI, CVS is also required to implement physical and technical safeguards as part of a comprehensive protocol that is overseen by a chief privacy officer.

18.    CVS is also subject to federal laws protecting consumer data pursuant to the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x ("FCRA"), the Federal Trade Commission Act, 15 U.S.C. § 45 ("FTCA"), and the Gramm-Leach Bliley Act, 15 U.S.C. §§ 6801, *et seq.* ("GLBA").

19.    The FCRA requires any business that shares data for consumer credit reporting purposes to maintain reasonable procedures designed to limit the furnishing of data to the purposes listed in the statute.  15 U.S.C. § 1681e.  Under the FCRA, a "person that receives medical information shall not disclose such information to any other person, except as necessary to carry out the purpose for which the information was initially disclosed, or as otherwise permitted by statute, regulation, or order." 15 U.S.C. §§ 1681b(g)(4), 1681b(g)(3)(A).  As a provider of medical and pharmacy services, CVS collects and shares PII and PHI for purposes of collecting payment, subjecting it to the FCRA's requirements to safeguard PII and PHI and limit unauthorized disclosures.

20.    Similarly, CVS is covered by the mandates of the FTCA, which prohibits it from unfair and deceptive conduct affecting commerce, a law that has been enforced and interpreted to include a company's information privacy practices.  CVS also maintains an obligation to "respect the privacy of its customers and to protect the security and confidentiality of those customers' nonpublic personal information" under the GLBA.

21.    The state of Ohio, where Plaintiff resides and where CVS has substantial operations, provides a right of privacy that encompasses unconsented medical information

disclosures. "[I]t is for the patient—not some medical practitioner, lawyer, or court—to determine what the patient's interests are with regard to personal confidential medical information." *Biddle v. Warren Gen. Hosp.,* 86 Ohio St.3d 395, 408, 715 N.E.2d 518, 528 (Ohio 1999); *see also Hageman v. Southwest Gen. Health Ctr.,* 119 Ohio St.3d 185, 188-89, 893 N.E.2d 153, 156 (Ohio 2008) (applying the rule of *Biddle* to disclosures made by parties other than physicians or hospitals).

22. Ohio also has enacted protections specifically for HIV patients (and those at risk) in order to encourage testing and treatment. *See* Rev. Code 3701.243(A) ("no person or agency of state or local government that acquires the information while providing any health care service or while in the employ of a health care facility or health care provider shall disclose or compel another to disclose any of the following . . . (3) The identity of any individual diagnosed as having AIDS or an AIDS-related condition."); *see also* Rev. Code 3701.244(B) (" A person or an agency of state or local government that knowingly violates . . . division (A) of section 3701.243 . . . may be found liable in a civil action; the action may be brought by any individual injured by the violation.")

**C.    CVS Disclosed Medical Information For Patients Taking HIV Medications**

23. In July/August of 2017, CVS sent the Notice to 6,000 patients associated in its records as recipients of medications used for treatment and prevention of HIV. The Notice recklessly disclosed through a transparent window on the front of the envelope CVS's corporate logo along with the patient's (1) name; (2) address; (3) a return address from the Ohio Department of Health, (4) a notice in red letters that "new prescription benefits" were available, and (5) a designation "PM 6402 HIV" above the name and address of the patient.

24. Additionally, it does not appear CVS made any effort to ensure only the intended recipient would see the contents of the notice such as by certified mail or use of an opaque envelope. Instead, anyone who came in contact with the notice, including letter carriers, postal service employees, persons who sort and distribute mail at group homes or offices, co-workers,

roommates, significant others, and family members could view its contents sufficient to disclose protected PHI. CVS also wrongfully disclosed Plaintiff's HIV status to other third-parties in connection with the preparation and dissemination of the Notice.

**D.    CVS's Disclosure Harmed A Population Subject To Pervasive Discrimination**

25.    CVS's conduct is especially egregious in this instance because it was directed at a class of individuals historically subject to discrimination based upon their medical condition. Although many would like to believe a lot has changed since the U.S. Supreme Court held in 1998 that HIV/AIDS was subject to protections of the Americans with Disabilities Act[4], persons living with HIV and those at high risk of infection continue to battle for equal access to healthcare and rights.

26.    In a 2009 survey by Lambda Legal, "nearly 63 percent of the respondents who had HIV reported experiencing one or more of the following types of discrimination in health care: being refused needed care; being blamed for their healthcare status; and/or a healthcare professional refusing to touch them or using excessive precautions, using harsh or abusive language, or being physically rough and abusive."[5] Of those surveyed, 19% reported being denied care altogether. As CVS pointed out on its own website, if patients can't trust their physicians and insurers to protect their health information, they will be less likely to seek important and potentially lifesaving medical treatment.

27.    Persons living with HIV (and their families) are also regularly subjected to employment and housing discrimination. In the 2000s, the U.S. Equal Employment Opportunity Commission received 2,175 complaints of discrimination based on HIV, with complaints peaking in the last year of the survey, demonstrating a disturbing upward trend. And, a 2009 national survey conducted by the Kaiser Foundation also showed that only 21% of people were

---

[4] *Bragdon v. Abbott*, 524 U.S. 624 (1988).

[5] https://www.lambdalegal.org/sites/default/files/publications/downloads/fs_hiv-stigma-and-discrimination-in-the-us_1.pdf, last accessed May 8, 2018. All statistics cited herein are taken from Lambda's report unless otherwise attributed.

comfortable living with someone with HIV.  There are also numerous reported lawsuits over instances in which individuals with HIV (including children) have been denied housing and equal access because of their HIV status.

28.     It is also well known that HIV and AIDS disproportionately impacts minority groups such as the LGBT community and African Americans.  According to AmFAR, gay and bisexual men accounted for 82% of the United States' 1.2 million people living with HIV, with African-Americans accounting for 45% of HIV diagnoses but only 12% of the general population.[6]

29.     The pervasive discrimination suffered by those with HIV or AIDS leads to a social stigma that results in significant harm, including a direct correlation to higher rates of depression, loneliness, and social isolation—and results in those suffering from (or at high risk of) the illness to avoid testing and treatment to avoid the negative consequences of a positive diagnoses.

### E.     CVS Had A Duty To Prevent The Disclosure

30.     CVS is and remains under a duty to Plaintiff and Class Members to maintain the security and integrity of their PII and PHI.  CVS's disclosure was a direct and proximate result of CVS's failure to implement and maintain appropriate and reasonable patient privacy procedures and practices to safeguard and protect Plaintiff's and Class Members' (as defined below) PII and PHI from unauthorized access, use, and disclosure, as required by various state and federal regulations, industry practices, and its agreements with patients.

31.     At all times relevant herein, CVS also had a duty to disclose the true facts about its substandard patient privacy practices, as alleged herein.  CVS has a duty to disclose because it is in a superior position to know the true character and quality of its privacy practices and these facts are not something that Plaintiff and putative Class Members could have discovered independently prior to purchasing or obtaining medical services from CVS.  As a result of CVS's

---

[6] http://amfar.org/About-HIV-and-AIDS/Facts-and-Stats/Statistics--United-States/, last accessed May 9, 2018.

material omissions about its substandard patient privacy practices, it has been able to procure business from the state of Ohio and patients who may have otherwise selected a privacy compliant provider, or paid less for CVS's services. CVS's substandard privacy, data and cybersecurity practices were material facts actively concealed and/or not disclosed to Plaintiff and the Class Members that a reasonable person would have considered important.

32. CVS intentionally concealed and/or failed to disclose to consumers its substandard privacy practices as described in this Complaint for the purpose of inducing Plaintiff and putative Class Members to act thereon. Plaintiff and the putative Class Members justifiably acted upon, or relied upon to their detriment, the concealed and/or non-disclosed material facts as evidenced by their obtaining services and treatment from CVS. Had Plaintiff known of the true character and quality of CVS's substandard privacy practices, Plaintiff and the putative Class Members would not have purchased (or would have paid less for) CVS's services and treatment.

33. CVS disregarded and violated Plaintiff's and Class Members' privacy rights, and materially harmed them in the process, by not obtaining Plaintiff's and Class Members' prior written consent to disclose their PII and PHI to any other person—as required by HIPAA and other pertinent laws, regulations, industry standards, and internal company policies.

34. CVS flagrantly disregarded and violated Plaintiff's and Class Members' privacy rights, and materially harmed them in the process, by failing to establish and implement appropriate administrative, technical, and physical safeguards to ensure the security and confidentiality of Plaintiff's and Class Members' PII and PHI, and to protect against reasonably foreseeable disclosures of such information through reckless mass mailings. CVS's conduct has forever compromised Plaintiff's and Class Member's PII and PHI, including particularly sensitive information about treatment for stigmatized illnesses such as HIV.

35. CVS's wrongful actions and inaction directly and proximately caused the dissemination into the public domain of Plaintiff's and Class Members' PII and PHI without their knowledge, authorization, and consent. As a direct and proximate result of CVS's wrongful actions and inactions and the resulting disclosure, Plaintiff and Class Members have suffered,

and will continue to suffer, economic damages and other actual harm including, without limitation:  (i) improper disclosure of their PII and PHI, including their HIV status and/or their use of HIV-related medications for preventative measures; (ii) loss of privacy; (iii) out-of-pocket expenses reasonably incurred to remedy or mitigate the effects of the disclosure; (iv) the value of their time reasonably spent mitigating the effects of the disclosure; (v) mental, emotional, and physical distress and anguish; and/or (vi) rights they possess under medical privacy and consumer protection statutes—for which they are entitled to compensation.

36.     As a direct and proximate cause of CVS's misconduct, Plaintiff and the putative Class Members have suffered actual damages, CVS has been unjustly enriched, and Plaintiff and Class Members are entitled to appropriate relief.  CVS's conduct has been and is malicious, wanton and/or reckless and/or shows a reckless indifference to the interests and rights of others.

## V.     PLAINTIFF'S EXPERIENCE

37.     As a direct and proximate result of CVS's conduct, Plaintiff has suffered, and continues to suffer, ongoing harm, including the loss of his medical privacy, the disclosure of highly personal information, mental, emotional, and physical distress including panic, anxiety, loss of sleep, loss of productivity, and time spent dealing with the fallout of the disclosure. Moreover, Plaintiff remains in imminent threat of future harm from Defendants because they continue to maintain his PII and PHI but are not safeguarding it from unlawful disclosure in compliance with state and federal laws.

## VI.    CLASS ACTION ALLEGATIONS

38.     Plaintiff brings this suit as class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and all members of the following Class:

> All persons who received from CVS a mailing on or about July or
> August of 2017 in which the person's name and the letters "HIV"
> were visible through the clear window of the envelope.

39.     Excluded from the Class are: (1) any Judge or Magistrate Judge presiding over this action and members of their families; (2) CVS, CVS's subsidiaries, parents, successors, predecessors, and any entity in which CVS has a controlling interest, and its current or former

employees, officers, and directors; (3) counsel for Plaintiff and CVS (and employees of their firms); and (4) legal representatives, successors, or assigns of any such excluded persons.

40. The Classes meet all of the criteria required by Federal Civil Rule 23(a).

41. **Numerosity**: The Class Members are so numerous that joinder of all Members is impracticable. Though the exact number and identities of Class Members are unknown at this time, but are reported to be approximately 6,000. The identities of Class Members are ascertainable through Defendants' records, Class Members' records, publication notice, self-identification, and other means.

42. **Commonality**: Common questions of law and fact exist as to all Class Members. These common questions of law or fact predominate over any questions affecting only individual Members of the Classes. Common questions include, but are not limited to, the following:

   a. Whether Defendants violated state and federal laws by disclosing Plaintiff's and Class Members' PII and PHI through the Notice;

   b. Whether Defendants violated state and federal laws by failing to properly store, secure, and dispose of Plaintiff's and Class Members' PII and PHI;

   c. Whether Defendants failed to employ reasonable and adequate medical privacy policies and practices in compliance with applicable state and federal regulations;

   d. Whether Defendants acted willfully, recklessly, or negligently with regard to maintaining the privacy of Plaintiff's and Class Members' PII and PHI;

   e. Whether Plaintiff and Class Members are entitled to restitution, damages, statutory damages, compensation, or other monetary relief; and

   f. Whether Plaintiff and Class Members are entitled to injunctive and declaratory relief necessary to secure their PII and PHI from further disclosure.

43. Common sources of evidence may also be used to demonstrate Defendants' unlawful conduct on a class-wide basis, including, but not limited to documents and testimony about its medical privacy policies and practices (or lack thereof); documents and testimony about the source, cause, and purpose of the Notice; and documents and testimony about any remedial

efforts undertaken as a result of the unlawful disclosure of Plaintiff's and Class Members' PII and PHI.

44.     **Typicality**: Plaintiff's claims are typical of the claims of the respective Class he seeks to represent, in that the named Plaintiff and all Members of the proposed Classes have suffered similar injuries as a result of the same practices alleged herein.  Plaintiff has no interests adverse to the interests of the other Class Members.

45.     **Adequacy**:  Plaintiff will fairly and adequately protect the interests of the Classes, and has retained attorneys well experienced in class actions and complex litigation as their counsel, including cases alleging consumer protection and data privacy claims arising from medical data breaches, including unlawful HIV disclosures.

46.     The Classes also satisfy the criteria for certification under Federal Civil Rules 23(b) and 23(c).  Among other things, Plaintiff avers that the prosecution of separate actions by the individual Class Members would create a risk of inconsistent or varying adjudication which would establish incompatible standards of conduct for Defendants; that the prosecution of separate actions by individual Class Members would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of other Class Members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; that Defendants have acted or refused to act on grounds that apply generally to the proposed classes, thereby making final injunctive relief or declaratory relief described herein appropriate with respect to the proposed classes as a whole; that questions of law or fact common to the Classes predominate over any questions affecting only individual members and that class action treatment is superior to other available methods for the fair and efficient adjudication of the controversy which is the subject of this action.  Plaintiff also avers that certification of one or more subclasses or issues may be appropriate for certification under Federal Civil Rule 23(c). Plaintiff further states that the interests of judicial economy will be served by concentrating litigation concerning these claims in this Court, and that the management of the Classes will not be difficult.

47.     Plaintiff and other Class Members have suffered injury, harm, and damages as a result of Defendants' unlawful and wrongful conduct.  Absent a class action, Defendants will continue to maintain Class Members' PHI and PII that could be subject to future disclosures due to lax or non-existent privacy policies and practices, and such unlawful and improper conduct should not go remedied.  Absent a class action, the Class Members will not be able to effectively litigate these claims and will suffer further harm and losses, as Defendants will be allowed to continue such conduct with impunity and benefit from its unlawful conduct.

**VII.   CAUSES OF ACTION**

**FIRST CAUSE OF ACTION**
**Willful Violation of the Fair Credit Reporting Act**
**15 U.S.C. §§ 1681-1681x**

48.     Plaintiff incorporates all preceding paragraphs as fully set forth herein.  Plaintiff's FCRA claim is on behalf of the Classes set forth above.

49.     One of the fundamental purposes of the FCRA is to protect consumers' privacy. 15 U.S.C. § 1681(a).  Protecting consumers' privacy involves adopting reasonable procedures to keep sensitive information confidential.  15 U.S.C. § 1681(b).

50.     The FCRA defines a "consumer reporting agency" as:

> [A]ny person, which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information or consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

15 U.S.C. § 1681a(f).

51.     The FCRA defines a "consumer report" as:

> [A]ny written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of establishing the consumer's eligibility for (A) credit or insurance to be used primarily for personal, family, or household purposes; (B) employment purposes; or (C) any other purpose authorized under 15 U.S.C. § 16881(b).

- 13 -

52.     Defendants regularly assemble consumer information including, among other things, insurance policy information, such as names, dates of birth, type of loss, and amount paid for claims submitted by an insured; and a description of insured items.  Defendants also regularly utilize interstate commerce to furnish such information on consumers to third parties.

53.     Plaintiff's and Class Members' PII and PHI constitute consumer reports under FCRA, because this information bears on, among other things, their credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, physical and mental medical conditions, and mode of living, and is used or collected, in whole or in part, for the purpose of establishing Plaintiff's and other Class Members' eligibility for insurance to be used primarily for personal, family, or household purposes, and establishing rates for same.

54.     The FCRA requires the adoption of reasonable procedures with regard to, *inter alia*, the confidentiality and proper utilization of personal and insurance information.  15 U.S.C. § 1681(b).  FCRA also requires that consumer reporting agencies "maintain reasonable procedures designed to . . . limit the furnishing of consumer reports to the purposes listed under section 1681b of this title."  15 U.S.C. § 1681e.

55.     The FCRA defines "medical information" as:

> [I]nformation or data, whether oral or recorded, in any form or medium, created by or derived from a health care provider or the consumer, that relates to—(A) the past, present, or future physical, mental, or behavioral health or condition of an individual; (B) the provision of health care to an individual; or (C) the payment for the provision of health care to an individual.

15 U.S.C. § 1681(a)(i).

56.     FRCA specifically protects medical information, restricting its dissemination to limited instances.  *See, e.g.*, 15 U.S.C. §§ 1681a(d)(3); 1681b(g); 1681c(a)(6).

57.     Plaintiff's and Class Members' PHI affected by the Notice constitutes medical information as defined by FCRA.  Their PHI included diagnoses and treating information from medical professionals which relate to the provision of health care and past, present, or future

physical, mental, or behavioral health or condition of an individual under FCRA's definition of medical information. 15 U.S.C. § 1681a(i).

58.     Under the FCRA, a "person that receives medication information shall not disclose such information to any other person, except as necessary to carry out the purpose for which the information was initially disclosed, or as otherwise permitted by statute, regulation, or order." 15 U.S.C. §§1681(g)(4), 1681b(g)(3)(A).

59.     Defendants' failure to adequately protect and safeguard Plaintiff's and Class Members' PII and PHI resulted in the disclosure of such information to one or more third-parties in violation of FCRA because such disclosure was not necessary to carry out the purposes for which Defendants received the information, nor was it permitted by statute, regulation or order. Defendants' violations of the FCRA, as set forth above, were willful or, at the very least, reckless, constituting willfulness.

60.     As a direct and proximate result of Defendants' willful or reckless failure to adopt and maintain reasonable procedures to limit the furnishing and disclosures of Plaintiff's and Class Members' PII and PHI to the purposes listed in the statute, Plaintiff's and Class Members' PII and PHI was disclosed and disseminated to unauthorized third-parties. Plaintiff and Class Members have suffered injury and harm, and will continue to suffer injury and harm because of Defendants' conduct.

61.     As a further direct or proximate result of CVS's willful or reckless FCRA violations, as described above, Plaintiff and Class Members were (and continue to be) injured and have suffered (and will continue to suffer) the harms and damages described in this Complaint.

62.     Accordingly, Plaintiff and Class Members are entitled to compensation for their actual damages in an amount to be determined at trial or statutory damages of not less than $100, and not more than $1,000, each, as well as attorneys' fees, punitive damages, litigation expenses and costs, pursuant to 15 U.S.C. § 1681n(a). Plaintiff also seeks injunctive relief enjoining the

above described wrongful acts and practices of Defendants and requiring Defendants to employ and maintain industry accepted standards for medical privacy.

## SECOND CAUSE OF ACTION
### Negligent Violation of the FCRA

63.     Plaintiff realleges each and every allegation contained above, and incorporates by reference all other paragraphs of this Complaint as if fully set forth herein.  Plaintiff brings this claim on behalf of the Classes set forth above.

64.     Defendants negligently failed to adopt and maintain reasonable procedures designed to limit the furnishing of consumer reports to the purposes listed under 15 U.S.C. § 1681b.

65.     Plaintiff's and Class Members' PII and PHI was wrongly disclosed and disseminated to unauthorized third-parties and the public as a direct and foreseeable result of Defendants' failure to adopt and maintain such reasonable procedures.

66.     Defendants disclosed medical information of Plaintiff's and Class Members to one or more third-parties in violation of the FCRA because such disclosure was not necessary to carry out the purpose for which Defendants received the information, nor was it permitted by statute, regulation, or order.

67.     As a direct and proximate result of Defendants' negligent violations of the FCRA, as described above, Plaintiff's and Class Members' PII and PHI was made accessible to unauthorized third-parties in the public domain.  Plaintiff has suffered harm and injury, including a loss of privacy, as a result of Defendants' negligent FCRA violations.

68.     As a further direct or proximate result of CVS's negligent violations of the FCRA, Plaintiff and Class Members were and continue to be injured and have suffered (and will suffer) the damages and harms as they deal with the disclosure for the foreseeable future.  Accordingly, Plaintiff and Class Members are entitled to compensation for their actual damages, as well as attorneys' fees, litigation expenses, and costs, pursuant to 15 U.S.C. § 1681o.  Plaintiff also seeks injunctive relief enjoining the above described wrongful acts and practices of Defendants and

requiring Defendants to employ and maintain industry accepted standards for ensuring medical privacy.

## THIRD CAUSE OF ACTION
### Ohio Rev. Code Ann. § 3701.243, *et seq*.

69.     Plaintiff realleges each and every allegation contained above, and incorporates by reference all other paragraphs of this Complaint as if fully set forth herein.  Plaintiff brings this claim on behalf of the Class set forth above.

70.     This cause of action is brought pursuant to Ohio Rev. Code Ann. § 3701.243, *et seq*.  At all times material herein Defendants have been subject to the requirements of § 3701.243.  The information contained in the Notice was protected information because it contained "the identity of any individual diagnosed as having AIDS or an AIDS-related condition." Ohio Rev. Code Ann. § 3701.243(A)(3).

71.     Ohio law prohibits disclosing any record mentioned above to another person without written consent or without statutorily enumerated authorization. Ohio Rev. Code Ann. § 3701.243.

72.     Defendants knowingly violated Ohio Rev. Code Ann. § 3701.243 by the unlawful disclosure of Plaintiff's and Class Members' HIV status information to third parties by providing it to third-parties who conducted the mailing and by sending such information in large-window envelopes where the information was exposed and readily viewable by others.

73.     Ohio law provides a private right of action of violation of Ohio's law regarding HIV confidentiality. Ohio Rev. Code Ann. § 3701.244.

74.     As a direct and proximate result of Defendants' knowing and willful violations of the law, Plaintiff and Class Members suffered harm.

75.     Plaintiff and Class Members seek relief, including, but not limited to, compensatory damages, injunctive relief, and attorneys' fees and costs.

**FOURTH CAUSE OF ACTION**
**Violation of Ohio Insurance Information and Privacy Protection Act**
**Ohio Rev. Code § 3904.01,** *et seq.*

76.      Plaintiff realleges each and every allegation contained above, and incorporates by reference all other paragraphs of this Complaint as if fully set forth herein.  Plaintiff brings this claim on behalf of the Class set forth above.

77.      Plaintiff's and Class Members' HIV-medication information was "personal information" as defined under Ohio Rev. Code. § 3904.01(R) because it was "individually identifiable information gathered in connection with an insurance transaction from which judgments can be made about an individual's character, habits, avocations, finances, occupation, general reputation, credit, health or any other personal characteristics."

78.      Defendants disclosed without authorization or legal basis personal information regarding Plaintiff and Class Members that was collected or received in connection with an insurance transaction, in violation of Ohio Rev. Code. § 3904.13. Plaintiff and Class Members have been harmed by Defendants' willful and unauthorized disclosures of their personal information.

79.      Plaintiff and Class Members seek relief under Ohio Rev. Code § 3904.21, including but not limited to, actual damages, injunctive relief, and attorney's fees and costs.

**FIFTH CAUSE OF ACTION**
**Negligence**

80.      Plaintiff realleges each and every allegation contained above, and incorporates by reference all other paragraphs of this Complaint as if fully set forth herein.  Plaintiff brings this claim on behalf of the Class.

81.      CVS had a duty to exercise reasonable care and protect and secure Plaintiff's and Class Members' PII and PHI.

82.      Through its acts and omissions, Defendants violated their duty to use reasonable care to protect and secure Plaintiff's and Class Members' PII and PHI by employing substandard or non-existent medical privacy practices.

83.     It was reasonably foreseeable, particularly given legal mandates governing health data protection and the growing number of data breaches of health information, that the failure to reasonably protect and secure Plaintiff's and Class Members' PII and PHI would result in the disclosure of Plaintiff's and Class Members' PII and PHI in the Notice.

84.     Plaintiff's and Class Members' PII and PHI constitute personal property that was negligently disclosed due to Defendants' negligence, resulting in harm, injury and damages to Plaintiff and Class Members.

85.     Defendants' reckless negligence directly and proximately caused the unauthorized access and disclosure of Plaintiff's and Class Members' PII and PHI and Plaintiff and Class Members have suffered and will continue to suffer damages as a result of CVS's conduct. Plaintiff and Class Members seek damages and other relief as a result of CVS's negligence.

### SIXTH CAUSE OF ACTION
### Negligence *Per Se*

86.     Plaintiff realleges each and every allegation contained above, and incorporates by reference all other paragraphs of this Complaint as if fully set forth herein. Plaintiff brings this claim on behalf of the Class.

87.     Pursuant to, *inter alia*, the FCRA, HIPAA (42 U.S.C. § 1302d *et seq*.), the FTCA, the GLBA, and Ohio Rev. Code. § 3904.01(R), Defendants were required by law to maintain adequate and reasonable data and measures to maintain the security and privacy of Plaintiff's and Class Members' PII and PHI.

88.     Defendants breached their duties by failing to employ industry standard medical privacy practices to gain compliance with those laws.

89.     It was reasonably foreseeable that the failure to reasonably protect and secure Plaintiff's and Class Members' PII and PHI in compliance with applicable laws would result in an unauthorized third-parties obtaining Plaintiff's and Class Members' PII and PHI via the Notice.

90.     Plaintiff's and Class Members' PII and PHI constitute personal property that was stolen and disclosed due to Defendants' negligence, resulting in harm, injury and damages to Plaintiff and Class Members.

91.     Defendants' conduct in violation of applicable laws directly and proximately caused the unauthorized access and disclosure of Plaintiff's and Class Members' PII and PHI and Plaintiff and Class Members have suffered and will continue to suffer damages as a result of Defendants' conduct.  Plaintiff and Class Members seek damages and other relief as a result of Defendants' negligence.

**SEVENTH CAUSE OF ACTION**
**Breach of Contract**

92.     Plaintiff realleges each and every allegation contained above, and incorporates by reference all other paragraphs of this Complaint as if fully set forth herein.  Plaintiff brings this claim on behalf of the Class.

93.     Defendants provide services to Plaintiff and Class Members pursuant to the terms of its contracts, insurance agreements, and privacy policies, which all were a party to.  As consideration, Plaintiff and Class Members paid money to CVS and/or their insurers for services. Accordingly, Plaintiff and Class Members paid Defendants to properly maintain and store their PII and PHI and not disclose it to unauthorized third-parties.  Defendants violated their contracts by failing to employ reasonable and adequate privacy practices and measures that led to the disclosure of Plaintiff's and Class Members' PII and PHI for purposes not required or permitted under the contracts.

94.     Plaintiff and Class Members have been damaged by Defendants' conduct, including by paying for medical privacy services that they did not receive, as well as by incurring the harms and injuries arising from the Notice now and in the future.

**EIGHTH CAUSE OF ACTION**
**Invasion of Privacy**

95.     Plaintiff realleges each and every allegation contained above, and incorporates by reference all other paragraphs of this Complaint as if fully set forth herein.  Plaintiff brings this claim on behalf of the Class.

96.     Plaintiff and Class Members maintain a privacy interest in their PII and PHI, which is private, confidential information that is also protected from disclosure by applicable laws as set forth above.

97.     Defendants' disclosure of Plaintiff's and Class Members' PII and PHI to unauthorized third-parties as a result of its failure to adequately secure and safeguard their PII and PHI is offensive to a reasonable person.  Defendants' disclosure of Plaintiff's and Class Members' PII and PHI to unauthorized third-parties permitted the disclosure of Plaintiff's and Class Members' private quarters where their PII and PHI was stored, and disclosed private facts about their health into the public domain.

98.     Plaintiff and Class Members have been damaged by Defendants' conduct, including by paying for medical privacy practices that they did not receive, as well as by incurring the harms and injuries arising from the Notice now and in the future.

**NINTH CAUSE OF ACTION**
**Intentional Infliction of Emotional Distress**

99.     Plaintiff realleges each and every allegation contained above, and incorporates by reference all other paragraphs of this Complaint as if fully set forth herein.  Plaintiff brings this claim on behalf of the Class.

100.     Defendants' knowing and intentional disclosure via the Notice of Plaintiff's and Class Members' treatment for HIV and HIV prevention was extreme and outrageous conduct made with the intention or causing, or with reckless disregard of the probability of causing emotional distress.  As it is well known and set forth in this Complaint, those persons suffering from and at high-risk of contracting HIV are stigmatized and regularly discriminated against such that the disclosure of their HIV status or seeking of treatment of HIV is perhaps the most

harmful disclosure CVS could make about it patients, and it did so in a reckless fashion. Moreover, numerous state and federal laws as set forth herein further demonstrate the necessity of confidential medical information being protected, and even more specifically so for information regarding HIV testing and treatment.

101.    As a direct and proximate cause of Defendants' conduct alleged herein regarding the Notice, Plaintiff and Class Members have suffered severe or extreme emotional distress and other damages due to the release of their confidential medical information to third-parties.

102.    Accordingly, Defendants are liable to Plaintiff and Class Members for all actual compensatory damages, punitive damages, and all attorneys' fees and costs of suit.

**TENTH CAUSE OF ACTION**
**Unjust Enrichment**

103.    Plaintiff realleges each and every allegation contained above, and incorporates by reference all other paragraphs of this Complaint as if fully set forth herein.  Plaintiff brings this claim on behalf of the Class.

104.    The State of Ohio, Plaintiff and Class Members conferred a benefit on Defendants by paying for medical privacy practices they did not receive.

105.    Defendants have retained the benefits of its unlawful conduct including the amounts received for medical privacy practices that it did not provide.  Due to Defendants' conduct alleged herein, it would be unjust and inequitable under the circumstances for Defendants to be permitted to retain the benefit of the wrongful conduct.

106.    Plaintiff and the Class Members are entitled to full refunds, restitution and/or damages from Defendants and/or an order of this Court proportionally disgorging all profits, benefits, and other compensation obtained by Defendants from the alleged wrongful conduct.  If necessary, the establishment of a constructive trust from which the Plaintiff and Class Members may seek restitution or compensation may be created.

107.    Additionally, Plaintiff and the Class Members may not have an adequate remedy at law against Defendants, and accordingly plead this claim for unjust enrichment in addition to or, in the alternative to, other claims pleaded herein.

## ELEVENTH CAUSE OF ACTION
### Declaratory Relief
### 28 U.S.C. § 2201

108.    Plaintiff realleges each and every allegation contained above, and incorporates by reference all other paragraphs of this Complaint as if fully set forth herein.  Plaintiff brings this claim on behalf of the Class.

109.    An actual controversy has arisen and now exists between Plaintiff and the putative Class on the one hand, and Defendants on the other, concerning Defendants' failure to protect Plaintiff's and Class Members' PII and PHI in accordance with applicable state and federal regulations and the agreements between the parties.  Plaintiff and the Class Members contend that Defendants failed to maintain adequate and reasonable privacy practices to protect their PII and PHI while on the other hand, Defendants contend it has complied with applicable state and federal regulations and its agreements with Plaintiff and Class Members to protect their PII and PHI.

110.    Accordingly, Plaintiff and Class Members entitled to and seek a judicial determination of whether Defendants have performed, and are performing, the medical privacy practices and obligations necessary to protect and safeguard Plaintiff's and Class Members' PII and PHI from further unauthorized, access, use, and disclosure, or insecure disposal.

111.    A judicial determination of the rights and responsibilities of the parties over Defendants' medical privacy practices is necessary and appropriate at this time so that: (1) that the rights of the Plaintiff and the Classes may be determined with certainty for purposes of resolving this action; and (2) so that the Parties will have an understanding of Defendants' obligations in the future given its continuing legal obligations and ongoing relationships with Plaintiff and Class Members.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff on his own and behalf of all others similarly situated, prays for relief as follows:

A.      For an Order certifying this case as a class action pursuant to Federal Civil Rule 23, appointing Plaintiff as Class Representative, and the undersigned as Class Counsel;

B.      Awarding monetary, punitive and actual damages and/or restitution, as appropriate;

C.      Awarding declaratory and injunctive relief as permitted by law or equity to assure that the Class has an effective remedy, including enjoining Defendants from continuing the unlawful practices as set forth above;

D.      Prejudgment interest to the extent allowed by the law;

E.      Awarding all costs, experts' fees and attorneys' fees, expenses and costs of prosecuting this action; and

F.      Such other and further relief as the Court may deem just and proper.

## IX.   JURY TRIAL DEMAND

Plaintiff requests a trial by jury on behalf of himself and all similarly-situated persons pursuant to Federal Rule of Civil Procedure 38.

Respectfully submitted,

DATED:  May 16, 2018

By:  ___/s *David P. Meyer*
        David P. Meyer

David P. Meyer (0065205)
MEYER WILSON CO., LPA
Email: dmeyer@meyerwilson.com
Matthew R. Wilson (0072925)
Email:  mwilson@meyerwilson.com
Michael J. Boyle, Jr. (0091162)
Email: mboyle@meyerwilson.com
1320 Dublin Road, Ste. 100
Columbus, OH 43215
Telephone: (614) 224-6000
Facsimile: (614) 819-8230

Marnie C. Lambert (0073054)
LAMBERT LAW FIRM, LLC
4889 Sawmill Road, Suite 125
Columbus, OH 43235
Telephone:  (888) 203-7833
Facsimile:  (888) 386-3098

Laurence D. King (*pro hac vice* to be filed)
Matthew B. George (*pro hac vice* to be filed)
KAPLAN FOX & KILSHEIMER LLP
350 Sansome Street, Suite 400
San Francisco, CA 94104
Telephone:  415-772-4700
Facsimile:  415-772-4707
lking@kaplanfox.com
mgeorge@kaplanfox.com
mchoi@kaplanfox.com

*Counsel for Plaintiff John Doe*