**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

JOHN DOE ONE; *et al.*,
On behalf of themselves and
all similarly situated individuals;
      Plaintiffs,

      v.

CVS HEALTHCARE CORPORATION,
*et al.*,
      Defendants.

      and

JOHN DOE ONE,
Individually and on behalf
of all others similarly situated,
      Plaintiffs,

      v.

CAREMARK, LLC,
      Defendant.

Case No. 2:18-cv-238
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Chelsey M. Vascura

Case No. 2:18-cv-488
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Chelsey M. Vascura

## ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND ENTERING QUALIFIED PROTECTIVE ORDER

This matter has been brought before the Court on Plaintiffs' Unopposed Motion for Preliminary Approval of the Settlement between Plaintiffs, for themselves and on behalf of the Settlement Class, on the one hand, and Caremark and Fiserv (and their respective Affiliates), on the other, for consideration of, *inter alia*, whether the Settlement reached between the Parties should be preliminarily approved, the proposed Settlement Class preliminarily certified, the Qualified Protective Order directing Caremark to provide the Class List to the Settlement

Administrator entered, and the proposed plan for notifying Settlement Class Members approved.[1] The Court having reviewed the submissions of the Parties, and having found that the Parties are entitled to the relief they seek, and for good cause shown,

IT IS **ORDERED** that the Motion is **GRANTED**, and it is further **ORDERED** as follows:

1.    The Court has jurisdiction over the subject matter of the above-captioned litigation (i.e., 2:18-cv-238-EAS-CMV and 2:18-cv-00488-EAS-CMV, as consolidated) (the "Litigation") and over all Parties to this Settlement, including, without limitation, the Settlement Class (as defined below in Paragraph 2), to enter this Order.

2.    Pursuant to Fed. R. Civ. P. 23(a) and (b)(3), the Court provisionally certifies, for settlement purposes only, the following Settlement Class: **All persons to whom the OhDAP Mailing was mailed, provided, or sent for delivery, as identified on the Class List.**

3.    The Settlement Agreement submitted with the Motion is preliminarily approved as fair, reasonable, and adequate. The Settlement Agreement was arrived at in good faith, following extensive arm's-length negotiations. The Court finds that the terms of Settlement Agreement fall "within the range of possible approval" sufficient to warrant sending notice thereof to the Settlement Class. *See* Federal Judicial Center, *Manual for Complex Litigation* ("MCL 4th") § 21.632 (4th ed. 2004). This finding that the Settlement is reasonable is subject to a final determination to be made after the Final Approval Hearing (defined in Paragraph 7).

4.    Based upon the submissions of the Parties, for purposes of the Settlement only, the Court finds as to the Settlement Class that: (a) the members of the Settlement Class are so numerous as to make joinder of them impracticable; (b) there are questions of law and fact

---

[1] The capitalized terms used in this Order shall have the same meaning as defined in the Settlement Agreement except as may otherwise be indicated.

common to the Settlement Class as to the reasonableness of the Settlement among other common issues in the Litigation, and such questions predominate over any questions affecting only individual members of Settlement Class; (c) the Class Representatives' claims and the defenses asserted thereto are typical of the claims of members of the Settlement Class and the defenses asserted thereto; (d) the Class Representatives and Co-Lead Class Counsel have fairly and adequately protected the interests of members of the Settlement Class throughout this Litigation; and (e) a class action is superior to all other available methods for fairly and efficiently resolving this Litigation, considering: (i) the interests of the members of the Settlement Class in individually controlling the prosecution of separate actions; (ii) the extent and nature of the litigation concerning the controversy already commenced by members of the Settlement Class; (iii) the desirability and undesirability of concentrating the litigation of these claims in a particular forum; and (iv) the difficulties likely to be encountered in the management of a class action. Moreover, the Court has considered the factors set forth in Rule 23(e) and has concluded that preliminary approval and notice to the Settlement Class is appropriate and warranted.

5. The Court preliminarily approves Plaintiffs John Does One through Four as Class Representatives for the Settlement Class.

6. The Court preliminarily approves the following law firms listed in the Settlement Agreement as Co-Lead Class Counsel for the Settlement Class: Whatley Kallas, LLP, Meyer Wilson Co., LPA, Kaplan Fox & Kilsheimer LLP, and the Law Office of Terry L. Kilgore. The Court also appoints Lambert Law Firm, LLC and Consumer Watchdog as Class Counsel.

7. The final approval hearing shall be held before this Court on **December 19, 2019, at 10 a.m.,** to determine whether (a) the proposed Settlement Class should be finally certified for settlement purposes pursuant to Federal Rule of Civil Procedure 23; (b) the Settlement should be

3

finally approved as fair, reasonable, and adequate and, in accordance with the Settlement's terms, all claims in the Consolidated Complaint and Litigation should be dismissed with prejudice; (c) Settlement Class Members should be bound by the releases set forth in the Settlement; (d) the proposed Final Approval Order should be entered; (e) the application of Co-Lead Class Counsel for an award of attorneys' fees, costs and expenses, payment of Settlement Administrator fees and expenses, and service awards to Class Representatives should be approved; and (f) any other matters the Court deems necessary and appropriate will also be addressed at the hearing (the "Final Approval Hearing").

8.      Co-Lead Class Counsel shall submit their motion for final approval and application for attorneys' fees, reasonable costs and expenses, Settlement Administrator fees and expenses, and service awards to the Class Representatives thirty (30) days before the Final Approval Hearing. Objectors, if any, shall file any response to Plaintiffs' motion(s) no later than 17 days prior to the Final Approval Hearing.  No later than seven (7) days prior to the Final Approval Hearing or at such other time as ordered by the Court, Plaintiffs shall file a Reply in Support of the Motion for Final Approval of Class Action Settlement and/or responses to any filings by objectors to address any valid and timely objections.

9.      Any Settlement Class Member that has not timely and properly excluded himself, herself, or themselves from the Settlement Class in the manner described below may appear at the Final Approval Hearing in person or by counsel and be heard, to the extent allowed by the Court, regarding the proposed Settlement; provided, however, that no Settlement Class Member that has elected to exclude himself, herself, or themselves from the Settlement Class shall be entitled to object or otherwise appear, and, further provided, that no Settlement Class Member shall be heard

in opposition to the Settlement, unless the Settlement Class Member complies with the requirements of this Order pertaining to objections, which are described below.

10. Any person included within the Settlement Class who wishes to be excluded from membership in the Settlement Class must submit a written request to opt out to the Settlement Administrator and Counsel for Defendants stating "I wish to exclude myself from the Settlement Class in *John Doe One., et al. v. Caremark, LLC et al.*, No. 2:18-cv-00238-EAS-CMV (S.D. Ohio)" (or substantially similar clear and unambiguous language), no later than sixty (60) days after the date the Notice of Settlement is mailed to Settlement Class Members by the Settlement Administrator (the "Opt-Out Deadline"). The Notice of Settlement shall inform Settlement Class Members that by opting out they consent to Counsel for Defendants sharing their name, address, and other such information relating to their opt-out (or revocation of opt out) with Defendants and to the Settlement Administrator sharing this same information (i.e., their name, address, and other such information relating to their opt-out (or revocation of opt out)) with Defendants and Counsel for Defendants. Defendants and Counsel for Defendants will use this information solely to the extent necessary for enforcing the Settlement (or as otherwise provided in the Settlement) and shall maintain the confidentiality of this information.

11. The written opt out request shall contain the Settlement Class Member's printed name, address, telephone number, email address, and date of birth. A written request for exclusion must contain the actual written signature of the Settlement Class Member seeking to exclude himself or herself from the Settlement Class and requests for exclusion cannot be made on a group or class basis. The written request must be sent to both the Settlement Administrator and Counsel for Defendants at the addresses set forth in the Notice of Settlement.

12. No later than fourteen (14) days prior to the Final Approval Hearing, the Settlement Administrator shall provide a declaration to Defendants and Counsel for Defendants identifying each Settlement Class Member who has timely and validly requested exclusion from the Settlement Class, along with corresponding Class Member ID. The declaration may be filed with the Court under seal. Alternatively (or in addition), and at the discretion of Counsel for Defendants, Counsel for Defendants may file with the Court in the public docket the Class Member IDs of the Settlement Class Members who timely and validly requested exclusion from the Settlement Class so long as no other information about the Settlement Class Members (such as PHI or Confidential HIV-related Information) is disclosed.

13. Any request for exclusion that fails to satisfy the requirements of this Order or that is not properly and timely submitted as provided in the Settlement, Notice of Settlement, and/or this Order, shall be ineffective and void absent further Court order. Such member of the Settlement Class shall be deemed to have waived all rights to opt out of the Settlement Class and shall be deemed a Settlement Class Member for all purposes pursuant to this Order. All Settlement Class Members who do not timely and properly request exclusion from the Settlement Class will in all respects be bound by all terms of this Settlement Agreement, the Final Approval Order, and any related orders, if entered.

14. Settlement Class Members who opt out can withdraw their request for exclusion by submitting a written request to the Settlement Administrator and Counsel for Defendants at the addresses in the Notice of Settlement stating their desire to revoke their request for exclusion along with their written signature, so long as the revocation request is received no later than three (3) days prior to the Final Approval Hearing. In the event any such withdrawals are received, Co-

Lead Class Counsel and/or Counsel for Defendants will take appropriate steps to update the Court as necessary.

15.     All Settlement Class Members who submit valid and timely notices of their intent to be excluded from the Settlement Class shall not receive any benefits of or be bound by the terms of the Settlement.  Any Settlement Class Member that does not timely and validly exclude himself, herself, or themselves from the Settlement shall be bound by the terms of the Settlement.  If final judgment is entered, any Settlement Class Member that has not submitted a timely, valid written notice of exclusion from the Settlement Class (in accordance with the requirements of the Settlement and herein) shall be bound by all proceedings, orders, and judgments in this matter, including but not limited to the releases set forth in the Settlement and the Final Approval Order.

16.     Any Settlement Class Member who does not submit a written request for exclusion may submit a written objection to the Settlement Administrator explaining why he, she, or they believes that the Settlement Agreement should not be approved by the Court as fair, reasonable, and adequate. A Settlement Class Member who wishes to object to any aspect of the Settlement must submit to the Settlement Administrator a written statement of the objection postmarked no later than sixty (60) days after the date the Notice of Settlement is mailed to Settlement Class Members (the "Objection Deadline").

17.     The written statement must include (i) the printed name, address, telephone number, and date of birth of the objector; (ii) a detailed statement of all of the objector's objection(s); (iii) the specific reasons for each objection, including any evidence, legal authority, supporting papers, materials, and briefs the objector contends support the objection and wishes to bring to the Court's attention; (iv) the name and contact information for all counsel representing the objector; (v) a list of all persons who will be called to testify at the final approval hearing in

7

support of the objection; (vi) a list, by case name, court, and docket number, of all other cases in which the objector (directly or through counsel) has filed an objection to any proposed class action settlement within the last 3 years; and (vii) the actual written signature of the Settlement Class Member making the objection.

18.     A Settlement Class Member may object on his, her, or their own behalf or through an attorney. However, even if represented, the Settlement Class Member must sign the objection and all attorneys who are involved in any way asserting objections on behalf of a Settlement Class Member must file a notice of appearance with the Court at the time when the objection is submitted, or as the Court may otherwise direct.

19.     The Settlement Administrator shall notify Co-Lead Class Counsel and Counsel for Defendants of any objections received and whether the objector matches the name of a Settlement Class Member. The Settlement Administrator shall provide copies of any objections if requested by Co-Lead Class Counsel or Counsel for Defendants, so long as personally identifying information is redacted. Notwithstanding the foregoing, the Settlement Administrator shall disclose to Co-Lead Class Counsel and Counsel for Defendants the name and other identifying information of any objector to the extent that Co-Lead Class Counsel and Counsel for Defendants agree that this information is necessary to adequately respond to the objection.

20.     The Settlement Administrator shall cause the objections to be filed with the Court, either for in camera review or with all personally identifying information redacted. The Settlement Administrator, with Co-Lead Class Counsel and Counsel for Defendants, shall contact the Court's chambers for guidance in terms of how the Court would prefer to receive the objection.

21.     Settlement Class Members who timely submit valid written objections in accordance with the requirements of this Order may, but need not, appear and be heard at the Final

Approval Hearing regarding any objections so submitted, in person or by counsel. A Settlement Class Member (or counsel representing him or her, if any) seeking to make such an appearance at the Final Approval Hearing must file with the Court, by fourteen (14) days prior to the Final Approval Hearing, a written notice of his, her, or their intention to appear at the Final Approval Hearing, including a statement of any evidence or exhibits that will be presented.

22.     Any Settlement Class Member that does not properly and timely submit an objection to the Settlement in accordance with the provisions of this Order will be considered to have waived any such objection, shall not be permitted to object to the Settlement at the Final Approval Hearing, shall be foreclosed from seeking any review of the Settlement or its terms by appeal or otherwise, and shall be bound by the Settlement, Final Approval Order, and any related orders, including without limitation any and all releases in the Settlement, Final Approval Order, and/or related orders.

23.     The Court finds that the manner and content of the notice specified in the Settlement Agreement and as described in the Motion and in the form submitted to the Court will provide the best notice practicable to the Settlement Class under the circumstances to apprise members of the Settlement Class of the pendency of this Litigation, the terms of the Settlement, and their rights under the Settlement, including without limitation their rights to participate in, object to, or exclude themselves from the Settlement. The Court further finds that the Notice of Settlement, the Short Form Notice, the Claim Form, and the Settlement Website are reasonable, constitute due, adequate and sufficient notice to all persons entitled to receive notice, and meet the requirements of due process, the Federal Rules of Civil Procedure, and all other legal requirements. The Court hereby directs that notice be given pursuant to the terms set forth in the Settlement Agreement and in accordance with the Settlement Administrator's plan for providing notice submitted in connection

9

with the Motion for Preliminary Approval, provided that the Parties, by agreement, may revise the Notice of Settlement, Short Form Notice, and Claim Form in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy. All costs incurred in connection with the preparation and dissemination of any notices to the Settlement Class shall be paid to the Settlement Administrator consistent with the provisions of the Settlement Agreement.

24.     If the Settlement is finally approved, the Court shall enter a separate Final Approval Order regarding the Settlement, entering judgment and dismissing the claims asserted in the Consolidated Complaint with prejudice against the Released Parties consistent with the terms of the Settlement Agreement. Such order and judgment shall be fully binding with respect to the Plaintiffs, all Settlement Class Members, and the Released Parties.

25.     This Order shall become null and void and shall be without prejudice to the rights of the Parties, all of which shall be restored to their respective positions existing immediately before this Court entered this Order, if the Settlement is not finally approved by the Court or is terminated in accordance with the terms of the Settlement. In such event, the Settlement shall become null and void and be of no further force and effect, and neither the Settlement (including any Settlement-related filings) nor the Court's orders, including this Order, relating to the Settlement shall be used or referred to for any purpose whatsoever; provided, however, that the Qualified Protective Order shall remain in effect, and the Parties shall take all necessary and appropriate steps to maintain the confidentiality of Plaintiffs' and Class Members' PHI and Confidential HIV-related Information.

26.     If the Settlement is not finally approved or is terminated in accordance with its terms, then this Order shall not be construed or used as an admission, concession, or declaration by or against Defendants of any fault, wrongdoing, breach, or liability; shall not be construed or

used as an admission, concession, or declaration by or against Class Representatives or any other Settlement Class Member that their claims lack merit or that the relief requested is inappropriate, improper, unavailable; and shall not constitute a waiver by any party of any defense (including without limitation any defense to class certification) or claims it may have in this Litigation or in any other lawsuit or proceeding.

27. The Court hereby appoints Heffler Claims Group ("Heffler") as the Settlement Administrator to perform the duties of the Settlement Administrator as set forth and in accordance with the Settlement Agreement and all exhibits thereto, including Exhibit thereto. The dates of performance are set forth below in Paragraph 40.

28. If a Settlement Class Member seeks to claim any amounts under the Settlement (apart from the Base Payment which is automatic and does not require the submission of a Claim Form), the Settlement Class Member must complete and submit a written Claim Form to the Settlement Administrator, postmarked (or submitted electronically in accordance with the requirements for electronic submission of a Claim Form) on or before sixty (60) days after the mailing of Notice of Settlement (the "Claims Deadline"). Unless the Court orders otherwise, Claim Forms must be submitted in conformance with the Settlement Agreement, Notice of Settlement, and instructions on the Claim Form, and shall be processed in accordance with the procedures set forth in the Settlement Agreement and exhibits thereto.

29. Pending final determination of whether the settlement embodied in the Settlement Agreement is to be finally approved, the Litigation is stayed. In addition, during this period, all Settlement Class Members are enjoined from, either directly, representatively, derivatively, or in any other capacity, filing, commencing, prosecuting, intervening in, participating in and/or maintaining, as plaintiffs, claimants, or class members in any other lawsuit, in any jurisdiction

11

(whether state, federal or otherwise), against the Released Parties based on, relating to, or arising out of the OhDAP Mailing, the Incident, or the facts or allegations in the Consolidated Complaint, except that any individuals may "opt out" in accordance with the Settlement Agreement and this Order and proceed on an individual basis with their own individual litigation. This injunction is necessary to protect and effectuate the Settlement Agreement, this Order, and the Court's flexibility and authority to effectuate the Settlement Agreement and to enter the Final Approval Order when appropriate, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

30.    The Class List may include "Protected Health Information" ("PHI"), as that term is defined in 45 C.F.R. § 160.103, or Confidential HIV-related Information that is protected by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") Privacy Rule, *see* 45 C.F.R. Parts 160 and 164, or applicable state laws, including O.R.C. 3701.243. This Order provides the requisite satisfactory assurances that HIPAA and O.R.C. 3701.243 require before the disclosure of PHI or Confidential HIV-related Information.

31.    In accordance with the HIPAA Privacy Rule and O.R.C. 3701.243(C), the Court finds by clear and convincing evidence that Plaintiffs have demonstrated a compelling need that cannot be accommodated by other means for Caremark to disclose the Class List to the Settlement Administrator. In assessing the compelling need, the Court has weighed the need for disclosure against the privacy right of the individuals whose PHI or Confidential HIV-related Information may be contained in the Class List against any disservice to the public interest that might result from the disclosure, such as discrimination against the individual or the deterrence of others from being tested for HIV or AIDS. This Order provides the requisite satisfactory assurances for the protection of PHI under HIPAA. *See* 45 C.F.R. § 164.512(e)(1).

12

32. The Court therefore **ORDERS** Caremark to provide the Settlement Administrator the Class List for purposes of providing notice of the Settlement and administering the Settlement within ten (10) business days following both (a) the entry and docketing of this Order and (b) Caremark's receipt of the Settlement Administrator's agreement in writing in the form of Exhibit A to be bound by this Order and the Qualified Protective Order herein.

33. In accordance with the HIPAA Privacy Rule, 45 C.F.R. § 164.512(e)(1)(v)(A), and O.R.C. 3701.243(C), this Order specifically prohibits the Settlement Administrator from using or disclosing any information in the Class List, including but not limited to the PHI or Confidential HIV-related Information, for any purpose other than to carry out its duties and obligations set forth in the Settlement Agreement. Also, in accordance with the HIPAA Privacy Rule, 45 C.F.R. § 164.512(e)(1)(v)(B), and O.R.C. 3701.243(C), the Settlement Administrator shall destroy in a secure manner at the conclusion of the Settlement Administration (including any appeals) the Class List, PHI, or Confidential HIV-related Information disclosed under this Order, including any copies thereof.

34. The Settlement Administrator and each of its employees, agents and/or others accessing information through the Settlement Administrator in this case, shall agree in writing to be bound by this Order, including the Qualified Protective Order herein, and shall execute Exhibit A hereto.

35. At no time shall the Settlement Administrator share the Class List or any information contained in the Class List, or any PHI, or any Confidential HIV-related Information, with the Court, Co-Lead Class Counsel, Class Counsel, Counsel for any Plaintiff, Counsel for Defendants, or any other person or entity, without a Court order or an HIV-specific authorization form that is signed by the Settlement Class Member whose information is to be disclosed (or by

13

someone with legal authorization to sign on their behalf), except as expressly provided in the Settlement Agreement and this Order (including the Qualified Protective Order herein) and except that the Settlement Administrator shall comply with any federal and state tax laws and required reporting and withholding with respect to this Settlement. Defendants shall have no obligations relating to any federal and state tax laws and required reporting and withholding with respect to this Settlement. The Settlement Administrator shall retain a list of all persons with access to the Class List, PHI, and/or Confidential HIV-related Information, and shall set up its systems in a manner that only persons with a need to access such information will be able to do so. All employees of the Settlement Administrator with access to the Class List, PHI, or Confidential HIV-related Information must agree in writing to be bound by this Order and the Qualified Protective Order herein and shall execute Exhibit A hereto.

36.     The Settlement Administrator shall develop a unique number identifier system so that it can communicate with and about Settlement Class Members without including or identifying any PHI or Confidential HIV-related Information or identifying names, addresses or other identifying information belonging to any Settlement Class Member.

37.     The Class List and any completed Claim Forms, Claim Packages, or other information submitted by Claimants to the Settlement Administrator, will be recorded by the Settlement Administrator in a computerized database that will be securely and confidentially maintained by the Settlement Administrator in accordance with HIPAA and all other applicable federal, state and local laws, regulations and guidelines, including, without limitation, any laws concerning heightened privacy for Confidential HIV-related Information. Backups of this data may be maintained solely for purposes of administering the Settlement so long as the backup is securely and confidentially maintained by the Settlement Administrator in accordance with

14

HIPAA and all other applicable federal, state and local laws, regulations and guidelines, including, without limitation, any laws concerning heightened privacy for Confidential HIV-related Information. The Settlement Administrator must: (a) designate specifically-assigned employees to handle its administration of this Settlement, who shall be trained concerning their legal duties and obligations arising out of the Settlement with respect to the information that they are provided; (b) review the notices to be mailed to Settlement Class Members in the form they will actually be mailed to verify no PHI or Confidential HIV-related Information (or other sensitive information) is visible from the outside of the mailing without opening it; (c) ensure that all of the information it receives is used properly in accordance with HIPAA and all other applicable federal, state and local laws and solely for the purpose of administering this Settlement; and (d) ensure that an orderly system of data management and maintenance is adopted and implemented. The Settlement Administrator will keep the database (and any backup) in a form that grants access for purposes of administering this Settlement only and shall restrict access rights only to the least possible number of employees of the Settlement Administrator who are working directly on the administration of this Settlement.

38.    The Settlement Administrator shall carry out and fulfill its obligations as set forth in the Settlement Agreement, including all Exhibits thereto, the requirements of this Order and any and all other provisions concerning the protection of PHI and Confidential HIV-related Information.

39.    The Settlement Administrator shall provide Co-Lead Class Counsel and Counsel for Defendants with a declaration confirming that notice was provided to Settlement Class Members in accordance with the terms of the Settlement Agreement.

15

40. The Settlement, as preliminarily approved in this Order, shall be administered according to its terms pending the Final Approval Hearing. Deadlines arising under the Settlement and this Order include but are not limited to the following:

- Mailing of Notice of Settlement: As promptly as possible consistent with this Order.

- Publication Notice deadline: No later than ten (10) days after mailing of Notice of Settlement.

- Activation of Settlement Website by Settlement Administrator: No later than twenty-one (21) days after the entry of this Order.

- Posting of Statement on Settlement Class Counsel's websites directing individuals to the Settlement Website: No later than twenty-one (21) days after the entry of this Order.

- Settlement Administrator to provide Court with Declaration confirming notice was provided in accordance with terms of Settlement Agreement: No later than fourteen (14) days prior to the Final Approval Hearing.

- Deadline to Opt Out: Sixty (60) days after mailing of Notice of Settlement.

- Deadline to Object: Sixty (60) days after mailing of Notice of Settlement.

- Claims Deadline: Sixty (60) days after mailing of Notice of Settlement.

- Final Approval Hearing: **December 19, 2019 at 10:00 a.m.**

- Motion for Final Approval of Settlement ("Final Approval Motion"): No later than thirty (30) days before the Final Approval Hearing.

- Motion for attorneys' fees, reasonable costs and expenses, and service awards for the Class Representatives: No later than thirty (30) days before the Final Approval Hearing.

16

- Objectors, if any, response to Final Approval Motion and/or motion for award of attorneys' fees, reasonable costs and expenses, and service awards to Class Representatives: No later than seventeen (17) days prior to the Final Approval Hearing.

- Replies in Support of Final Approval Motion and Fee Motion/ Responses to Objections: No later than seven (7) days prior to the Final Approval Hearing.

- Written notice of intention to appear at Final Approval Hearing: No later than fourteen (14) days before Final Approval Hearing.

**IT IS SO ORDERED.**

9-27-2019
_____
**DATE**

_____
**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**

17

## EXHIBIT A

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

**JOHN DOE ONE;** *et al.*,
**On behalf of themselves and**
**all similarly situated individuals;**
      **Plaintiffs,**

      **v.**

**CVS HEALTHCARE CORPORATION,**
*et al.*,
      **Defendants.**

      **and**

**JOHN DOE ONE,**
**Individually and on behalf**
**of all others similarly situated,**
      **Plaintiffs,**

      **v.**

**CAREMARK, LLC,**
      **Defendant.**

**Case No. 2:18-cv-238**
**JUDGE EDMUND A. SARGUS, JR.**
**Magistrate Judge Chelsey M. Vascura**

**Case No. 2:18-cv-488**
**JUDGE EDMUND A. SARGUS, JR.**
**Magistrate Judge Chelsey M. Vascura**

### ACKNOWLEDGMENT OF UNDERSTANDING AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she/it has read the Order dated _____, 2:18-cv-238 ECF No. 91; 2:18-cv-488 ECF No. 69, in the above captioned action, understands the terms thereof, and agrees to be bound by the Order and all of its terms. The undersigned submits to the jurisdiction of the United States District Court for the Southern District of Ohio in matters relating to the Order and understands that the terms of said Order obligate him/her/it to use PHI and/or Confidential HIV-related Information solely for the purposes of administering the settlement in the above-captioned action, and not to disclose any such confidential information to any other person, firm, or concern, except as expressly authorized in the Order.

The undersigned acknowledges that violation of the Order may result in penalties for contempt of court.

18

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

Date: _____

_____

Signature