# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| JOHN DOE ONE; JOHN DOE TWO; JOHN DOE THREE; and JOHN DOE FOUR, on behalf of themselves and all similarly situated individuals,<br><br>*Plaintiffs*,<br><br>v.<br><br>CAREMARK, LLC;<br>FISERV, INC.;<br>FISERV SOLUTIONS, LLC; and<br>DEFENDANTS DOES 1-10,<br><br>*Defendants*. | Case No. 2:18-cv-00238-EAS-CMV<br><br>Case No.  2:18-cv-00488-EAS-CMV<br><br>(Consolidated for all purposes)<br><br><u>CLASS ACTION</u> |

## STIPULATION AND [PROPOSED] ORDER

## <u>REGARDING FINAL SETTLEMENT DISTRIBUTIONS</u>

**WHEREAS**, On January 30, 2020, the Court granted final approval of the class action

Settlement Agreement[1] and entered judgment resolving this action it its entirety (ECF No. 101,

ECF No. 80);

**WHEREAS**, Pursuant the terms of the Settlement Agreement and Final Approval Order

and Judgment, the Parties and the Settlement Administrator finalized the claims process and

distributed the Settlement Fund in accordance with the Settlement Agreement;

---

[1] All capitalized terms herein have the same meaning as set forth in the Settlement Agreement, ECF No. 89-2, ECF No. 67-2.

**WHEREAS**, Pursuant the terms of the Settlement Agreement Sections 4.3 and 4.8 all settlement payments were sent by U.S. First Class Mail and were negotiable for 120 days from the date that they were issued;

**WHEREAS**, Some Settlement Class Members were not able to be located using their last known addresses contained within the Defendants' records and approximately 500 checks were not able to be delivered and/or were returned to the Settlement Administrator[2];

**WHEREAS**, Payments issued to Settlement Class Members have a been cashed at a rate of approximately 80% to date with approximately 900 checks yet to be cashed and the stale date on those checks has now passed;

**WHEREAS**, The Settlement Fund still contains approximately $600,000;

**WHEREAS**, Pursuant to the Final Approval Order and Judgment, Paragraph 32, this Court retains jurisdiction to enforce the implementation of the Settlement Agreement;

**WHEREAS**, Due to the extenuating circumstances of the COVID-19 pandemic and the Parties' interest in making sure as many Settlement Class Members have an opportunity to receive their settlement payments, and after a meet and confer, the Parties have agreed to the

---

[2] Typically, class members receiving class action settlement distributions can have their names and most recent addresses ran through a National Change of Address ("NCOA") database to obtain more recent contact information.  However, as previously explained in the settlement briefing, that tool is not available to the Parties in this matter because using such third-party services would create significant privacy issues and potentially result in the disclosure of their Confidential HIV-Related Information due to: (1) sharing their names with the third-party NCOA database administrators who do not employ HIPAA and state law compliance privacy protocols; (2) the likelihood of Settlement Class Members have the same names as other individuals which could result in checks being mailed to the wrong individuals; and (3) other unforeseen circumstances that could result in losses of privacy.  This is also why the Parties also issued notice by publication and coordinated with the Ohio Department of Public Health to encourage Settlement Class Members to participate in the Settlement.

following additional steps for further and final settlement distributions consistent with Section 4.4 of the Settlement Agreement:

1.  On or about October 22, 2020, the Settlement Administrator mailed via U.S. Priority Mail a second round of settlement checks to the approximately 670 Settlement Class Members whose checks were not returned as undeliverable, but who did not previously cash their settlement checks ("Re-issued Checks"). These Re-issued Checks sent via U.S. Priority Mail will comply with all of the privacy protections and requirements set forth in Section 3.7 of the Settlement Agreement and will be negotiable for 60 days, or until December 21, 2020.

2.  The Parties have considered the available options and suggestions of the Settlement Administrator and believe that sending Re-issued Checks via U.S. Priority Mail to these Settlement Class Members who have not yet cashed their original checks will provide them with an additional opportunity to obtain their settlement payments while still ensuring the strict privacy protocols set forth in the Settlement Agreement are adhered to. The use of Priority Mail is designed to make Settlement Class Members more likely to open the mailing instead of viewing it as junk mail, and to allow the Settlement Administrator to confirm delivery.

3.  At the expiration of the stale date for the Re-issued Checks, the Settlement Administrator will determine the amount of residual funds ("Remaining Settlement Fund") from the uncashed checks.

4.  Consistent with Section 4.4 of the Settlement Agreement, within 30 days of the expiration of the stale date of the Re-issued Checks, the Settlement Administrator will determine the list of Settlement Class Members for whom: (a) the Settlement Administrator has a valid address (e.g., prior mailing was not returned undeliverable); and (b) a settlement payment has been cashed. Each of those Settlement Class Members will receive a final *pro rata* distribution ("Final Distribution") of the Remaining Settlement Fund. Settlement Class Members for whom no valid address is available and/or who have not cashed any checks will <u>not</u> receive a *pro rata* share of the Remaining Settlement Fund.  Checks issued in the Final Distribution will be issued via U.S. Priority Mail and will comply with all of the privacy protections and requirements set forth in Section 3.7 of the Settlement Agreement and will be negotiable for 60 days.

5.  Consistent with Section 4.4 of the Settlement Agreement, any amount in the Remaining Settlement Fund remaining after the stale date of the checks mailed in the Final Distribution, and after payment of the Settlement Administrator's fees and expenses, will be distributed to the Parties' mutually agreed upon *cy pres* recipient, the Ohio Association of Food Banks (http://www.ohiofoodbanks.org/).  Plaintiffs believe that the Ohio Association of Food Banks is an appropriate *cy pres* recipient given that the Settlement Class Members are persons who have been and/or are enrolled in government assistance programs and that access to nutritious, shelf-stable food is a critical

component of managing their health challenges associated with living with HIV and/or AIDS, and the necessity of access to such food bank services and programs has been compounded by the challenges of the COVID-19 pandemic.

6.  All costs associated with the re-issuance of settlement checks and Final Distributions will be paid to the Settlement Administrator from the Remaining Settlement Fund.

**IT IS SO STIPULATED.**

DATED:  November 11, 2020                              Respectfully submitted,

**WHATLEY KALLAS LLP**                              **ALSTON & BIRD LLP**

By:  /s/ *Henry C. Quillen*                              By:  /s/ *Donald Houser*
       Henry C. Quillen                                     Donald Houser

Henry C. Quillen (admitted *pro hac vice*)        Donald Houser ((admitted *pro hac vice*)
159 Middle St., Suite 2C                              Kristine M. Brown (admitted *pro hac vice*)
Portsmouth, NH 03801                              Matthew L.J.D. Dowell (admitted *pro hac vice*)
Telephone: (603) 294-1591                              1201 West Peachtree Street
Facsimile: (800) 922-4851                              Atlanta, Georgia 30309
*hquillen@whatleykallas.com*                              Telephone:  (404) 881-7434
                                        Facsimile:  (404) 881-7777
**WHATLEY KALLAS LLP**                              *kristy.brown@alston.com*
Joe R. Whatley (admitted *pro hac vice*)        *donald.houser@alston.com*
Edith M. Kallas (admitted *pro hac vice*)        *matt.dowell@alston.com*
152 West 57th St., 41st Floor
New York, NY 10019                              **KEGLER BROWN HILL + RITTER CO., LPA**
Telephone: (212) 447-7060                              Robert G. Cohen (0041707)
Facsimile: (800) 922-4851                              65 East State Street, Suite 1800
*jwhatley@whatleykallas.com*                              Columbus, Ohio 43215
*ekallas@whatleykallas.com*                              Telephone:  (615) 462-5492
                                        Facsimile:  (615) 462-2634
                                        *rcohen@keglerbrown.com*

**WHATLEY KALLAS LLP**
Alan M. Mansfield (admitted *pro hac vice*)
16870 W. Bernardo Drive, Suite 400
San Diego, CA 92127
Telephone: (858) 674-6641
Facsimile: (855)274-1888
*amansfield@whatleykallas.com*

TERRY L. KILGORE (0014692)
1113 Northridge Oval, Bldg.13
Brooklyn, OH 44144-3262
Telephone: (614) 648-6009
Facsimile: (216) 600-5494
*tksquire13@gmail .com*

**CONSUMER WATCHDOG**
Jerry Flanagan (admitted *pro hac vice*)
6330 San Vicente Blvd. Suite 250
Los Angeles, CA 90048
Telephone: (310) 392-0522
Facsimile: (310) 392-8874
*jerry@consumerwatchdog.org*

*Attorneys for Plaintiff Doe I*

*Attorneys for Defendant Caremark, L.L.C.*

**JENNER & BLOCK**

By:  /s/ *Megan B. Poetzel*
        Megan B. Poetzel

John H. Mathias, Jr. (admitted *pro hac vice*)
David M. Kroeger (admitted *pro hac vice*)
Megan B. Poetzel (admitted *pro hac vice*)
Jory M. Hoffman (admitted *pro hac vice*)
353 N. Clark Street
Chicago, IL 60654
Telephone:  (312) 222-9350
Facsimile:  (312) 527-0484
*jmathias@jenner.com*
*dkroeger@jenner.com*
*mpoetzel@jenner.com*

**MURRAY MURPHY MOUL + BASIL LLP**
James B. Hadden (0059315)
1114 Dublin Road
Columbus, OH 43215
Telephone:  (614) 488-0400
Facsimile:  (614) 488-0401
*hadden@mrnmb.com*

*Counsel for Defendants Fiserv, Inc. and Fiserv Solutions, LLC*

**MEYER WILSON CO., LPA**

By:  /s/ *Matthew R. Wilson*
      Matthew R. Wilson

David P. Meyer (0065205)
Matthew R. Wilson (0072925)
Michael J. Boyle, Jr. (0091162)
1320 Dublin Road, Suite 100
Columbus, OH  43215
Telephone:  (614) 224-6000
Facsimile:  (614) 819-8230
*dmeyer@meyerwilson.com*
*mwilson@meyerwilson.com*
*mboyle@meyerwilson.com*

**KAPLAN FOX & KILSHEIMER LLP**
Laurence D. King (admitted *pro hac vice*)
Matthew B. George (admitted *pro hac vice*)
1999 Harrison Street, Suite 1560
Oakland, CA 94612
Telephone:  (415) 772-4700
Facsimile:  (415) 772-4707
*lking@kaplanfox.com*
*mgeorge@kaplanfox.com*

Joel B. Strauss (admitted *pro hac vice*)
850 Third Avenue
New York, NY 10022
Telephone:  (212) 687-1980
Facsimile:  (212) 687-7714
*jstrauss@kaplanfox.com*

**LAMBERT LAW FIRM, LLC**
Marnie C. Lambert (0073054)
4889 Sawmill Road, Suite 125
Columbus, OH  43235
Telephone:  (888) 203-7833
Facsimile:  (888) 386-3098

*Attorneys for Plaintiff Doe II*